# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30452
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

LUIS SENSAT, Also Known as Luis Sensat-Perdomo,
Also Known as Machete, Also Known as Bisco,

Defendant−Appellant.

Appeals from the United States District Court
for the Eastern District of Louisiana
No. 2:94-CR-197-1

Before SMITH, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Luis Sensat, federal prisoner #13709-004, moves to proceed *in forma*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*pauperis* ("IFP") on appeal of the denial of his 18 U.S.C. § 3582(c)(2) motion for reduction of sentence.  He also moves for appointment of counsel.  Sensat was sentenced to life imprisonment for conspiring to possess with intent to distribute cocaine, distributing cocaine, engaging in a continuing criminal enterprise, and causing another to travel in interstate commerce in aid of racketeering.

Sensat challenges the denial of his § 3582(c)(2) motion based on Amendment 782 to the Sentencing Guidelines and of his motion for reconsideration, in which he further maintained that he was entitled to a sentence reduction under Amendment 591.  By moving to proceed IFP, Sensat is challenging the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); FED. R. APP. P. 24(a)(3).

Although Amendment 782 amended the drug quantity table in U.S.S.G. § 2D1.1(c), effectively lowering most drug-related base offense levels by two levels, the district court correctly determined that Sensat was not eligible for a reduction under § 3582(c)(2) because Amendment 782 did not have the effect of lowering his guideline range.  § 3582(c)(2); *see Dillon v. United States*, 560 U.S. 817, 827 (2010); *United States v. Doublin*, 572 F.3d 235, 237 (2009); U.S.S.G. § 1B1.10(a)(2)(B); *see also* § 1B1.10, cmt. n.1(A).  Additionally, Sensat cannot show that Amendment 591 would have any effect on his sentence, as the district court determined.

Sensat also complains that the district court erroneously stated that he had been appointed counsel for the § 3582(c)(2) proceedings and that the "sentencing review panel" appointed by the district court had no authority to issue a decision.  These issues have no bearing on the district court's certification.  *See Baugh*, 117 F.3d at 202.

Sensat has not shown that his appeal "involves legal points arguable on

No. 17-30452

their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). Accordingly, the motion to proceed IFP on appeal is DENIED; appointment of counsel also is DENIED; and the appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.